UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY A. POWELL
F/K/A KIM BUTLER,

    Plaintiff,

vs.                      Case No.:

MIDLAND CREDIT MANAGEMENT, INC,
MIDLAND FUNDING LLC., and
ZAKHEIM & ASSOCIATES, P.A. ,

    Defendants.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

I.
INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the State of Florida Consumer Collection Practices Act, § 559.72, Florida Statutes 2008(hereinafter, "FCCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

II.
JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

## III.
## PARTIES

3. Plaintiff, Kimberly A. Powell, F/K/A Kim Butler, (hereafter referred to as "Ms. Powell" or "Plaintiff") is a natural person residing in Lake Wales, Polk County, Florida.

4. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and § 559.55(2), Fla. Stat.

5. Defendant, Midland Credit Management, Inc, (hereafter referred to as "Midland Credit") is a corporation with its principal place of business in San Diego, California.

6. Defendant, Midland Funding, LLC, (hereafter referred to as "Midland Funding") is a limited liability corporation with its principal place of business in San Diego, California.

7. Defendant, Zakheim & Associates, P.A., (hereafter referred to as "Zakheim") is a corporation with its principal place of business in Plantation, Florida.

8. The Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a (6) and by § 559.55(6), Fla. Stat.

## IV.
## FACTUAL ALLEGATIONS

9. During 2002, Ms. Powell incurred a financial obligation with SBC-Ameritech bearing account number 2222991065838078 in the amount of $2991.90, namely a "debt" as that term is defined by 15 U.S.C. § 1692a(5)(hereafter referred to as "Account").

10. Due to circumstances beyond Ms. Powell's control, the Account was not paid and it went into default with SBC-Ameritech.

11. Sometime thereafter, the Account was assigned, placed or otherwise transferred to NCO Financial Systems for collection, when thereafter Ms. Powell was contacted by the Law Office of David E. Borack, P.A. on behalf of NCO Financial Systems to collect on the Account.

12. On or about October of 2005, Ms. Powell settled the Account with NCO Financial Systems for $600.00.

13. At some unknown time prior to filing the instant action, despite the payment of the Account by Ms. Powell, NCO Financial Systems or its successor in interest, sold the Account to Midland Funding under unknown terms or for unknown consideration.

14. The Account was turned over to Midland Credit to collect the debt.

15. Midland Credit contacted Ms. Powell to collect $2,391.90, the balance of the Account. However, Ms. Powell disputed the debt and informed Midland Credit that she had settled the Account with NCO Financial Systems.

16. On or about July 25, 2008, Midland Funding, through their attorney, Zakheim, brought a lawsuit in the Small Claims Division of the County Court in and for Polk County, Florida demanding payment of a debt in the amount of $2,391.90 bearing account number 2603591253169 (hereafter referred to Polk County Collection Case) which had been assigned to Midland Funding from the original debtor, SBC-Ameritech. Midland Funding LLC in the Complaint alleges that the Plaintiff owes the debt. A copy of said compliant is attached hereto as "Exhibit A."

17. Midland Funding and Zakheim attempted to collect monies from Ms. Powell through the filing of the Polk County Collection Case with knowledge that the Account was a consumer debt which was unenforceable as a result of the expiration of the applicable statute of limitations.

18. On or about October 24, 2008, Midland Funding dismissed or cause to be dismissed the Polk County Collection case.

19. Throughout the time period of the attempt by Midland Funding to collect monies under the Account, including the Polk County Collection Case, Ms. Powell unequivocally and repeatedly disputed the debt represented by the Account.

20. Despite such knowledge of the dispute by Ms. Powell concerning her obligation to the pay the Account, Midland Funding turned over the account to Midland Credit to collect the Account.

21. On or about December 10, 2008, Ms. Powell received a letter from Midland Credit informing her that Midland Credit was considering "forwarding the Account to an attorney with the

intent to initiate legal action to satisfy the debt" unless payment was received by January 1, 2009.

22. Midland Credit continued to collect the Account, notwithstanding the dismissal of the Polk County Collection Case, knowledge that the debt was unenforceable as a result of the expiration of the applicable statute of limitations, and the settlement with NCO Financial Systems.

V.
COUNT I-ACTION FOR VIOLATION
OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692, ET SEQUI.)

23. Ms. Powell incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) engaged in conduct the natural consequence of which is to harass, oppress or abuse Ms. Powell in contravention of 15 U.S.C. §1692d;

(b) used false, deceptive, or misleading representations in connection with the collection of debt in contravention of 15 U.S.C. §1692e;

(c) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

25. As a direct and proximate result of the violation of the FDCPA by the Defendants, Ms. Powell has been damaged. The damages of Ms. Powell include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

26. Pursuant to 15 U.S.C. §1692k, Ms. Powell is entitled to recover actual damages together with statutory damages of $1,000.00, together with court cost and reasonable attorneys fees.

WHEREFORE, the Plaintiff, Kimberly A. Powell, F/K/A Kim Butler, an individual, demand judgment for damages against the Defendants, Midland Credit Management, Inc, Midland Funding, LLC, and Zakheim & Associates together with interest, cost, and attorneys fees pursuant to 15 U.S.C. §1692k.

## VI.
## COUNT II-ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

27. Ms. Powell incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. At all times material hereto, the Account constitutes a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

29. Defendants violated the State of Florida Consumer Collection Practices Act §559.72 (9) by claiming, attempting or threatening to enforce a debt when the Defendants knew that the debt was not legitimate or asserted the existence of some other legal right when the Defendants knew the right did not exist.

30. As a direct and proximate result of the violation of the FCCPA by the Defendants, Ms. Powell has been damaged. The damages of Ms. Powell include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

31. Pursuant to §559.77, Ms. Powell is entitled to recover actual damages together with statutory damages of $1,000.00, together with court cost and reasonable attorneys fees.

WHEREFORE, the Plaintiff, Kimberly A. Powell, F/K/A Kim Butler, an individual, demand judgment for damages against the Defendants, Midland Credit Management, Inc, Midland Funding, LLC, and Zakheim & Associates together with interest, cost, and attorneys fees pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Plaintiff, Kimberly A. Powell, F/K/A Kim Butler, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of February 2009.

_____
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
DiCesare, Davidson, & Barker, P.A.
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone     (863) 648-5999
Facsimile (863) 648-4755
E-mail mcabrera@ddblaw.com
Attorney for Plaintiff

6

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
) ss.
COUNTY OF POLK )

Plaintiff, Kimberly A. Powell, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Kimberly A. Powell_
Kimberly A. Powell

Sworn to or affirmed and signed before me on ~~January~~ February 17 2009, by Kim Powell.

_Miriam C. Kennedy_
NOTARY PUBLIC-STATE OF FLORIDA

_MIRIAM C. KENNEDY_
[Print, type or commissioned name]

MIRIAM C. KENNEDY
Notary Public - State of Florida
My Commission Expires Oct 2, 2009
Commission # DD 680613

✓ Personally known
___ Produced identification
Type of identification produced

7